Heather L. Thuet, #10106
CHRISTENSEN & JENSEN, P.C.
257 East 200 South, Suite 1100
Salt Lake City, Utah 84111
Telephone: (801) 323-5000
Facsimile: (866) 562-7506
Heather.Thuet@chrisjen.com

*Attorneys for Defendant Rhema Health Products Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GARDEN OF LIFE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>RHEMA HEALTH PRODUCTS INC.,<br><br>Defendant. | **AMENDED ANSWER & COUNTERCLAIM**<br><br>Case No. 2:16-cv-01222-BCW<br><br>Magistrate Judge Brooke C. Wells |

Defendant Rhema Health Products Inc. (hereinafter "Rhema"), by and through its counsel of record, Heather L. Thuet of the law firm of Christensen & Jensen, P.C., hereby responds to the allegations of Plaintiff's Complaint as follows:

## FIRST DEFENSE

Plaintiff's Complaint, or a portion thereof, fails to state a claim against Rhema upon which relief may be granted.

## SECOND DEFENSE

In responding to the allegations of the Complaint, Rhema admits, denies, or after conducting reasonable investigation, denies for lack of knowledge, and alleges with respect to the individual numbered paragraphs of Plaintiff's Complaint as follows:

## INTRODUCTION

1. Admits that Plaintiff brought an action against Rhema. To the extent facts are alleged in paragraph 1, Rhema denies the same.

2. Admits that the referenced document speaks for itself, and denies remaining allegations in paragraph 2.

3. Denies the allegations of paragraph 3.

4. Admits that the Complaint speaks for itself. To the extent facts are alleged in paragraph 4, Rhema denies the same.

## PARTIES

5. Rhema is without information or knowledge sufficient to form a belief as to the allegations of paragraph 5 of Plaintiff's Complaint, and therefore denies the same.

6. Rhema is without information or knowledge sufficient to form a belief as to the allegations of paragraph 6 of Plaintiff's Complaint, and therefore denies the same.

7. Admits Rhema is a company incorporated under the laws of the State of Washington and denies remaining allegations.

8. Denies the allegations of paragraph 8.

## JURISDICTION, VENUE, AND GOVERNING LAW

9. Paragraph 9 sets forth legal conclusions requiring neither an admission nor a denial. To the extent it may be construed to allege facts, Rhema denies.

10. Paragraph 10 sets forth legal conclusions requiring neither an admission nor a denial. To the extent it may be construed to allege facts, Rhema denies.

11. Admits that the referenced document speaks for itself but denies Plaintiff's interpretation of same; and remaining allegations in paragraph 11.

12. Paragraph 12 sets forth legal conclusions requiring neither an admission nor a denial. To the extent it may be construed to allege facts, Rhema denies.

## FACTS

13. Admits that the referenced document speaks for itself and denies remaining allegations in paragraph 13.

14. Admits that the referenced document speaks for itself, and denies remaining allegations in paragraph 14.

15. Denies the allegations of paragraph 15.

16. Rhema is without information or knowledge sufficient to form a belief as to the allegations of paragraph 16 of Plaintiff's Complaint, and therefore denies the same.

17. Rhema is without information or knowledge sufficient to form a belief as to the allegations of paragraph 17 of Plaintiff's Complaint, and therefore denies the same.

18. Rhema is without information or knowledge sufficient to form a belief as to the allegations of paragraph 18 of Plaintiff's Complaint, and therefore denies the same.

19. Rhema is without information or knowledge sufficient to form a belief as to the allegations of paragraph 19 of Plaintiff's Complaint, and therefore denies the same.

20. Rhema is without information or knowledge sufficient to form a belief as to the allegations of paragraph 20 of Plaintiff's Complaint, and therefore denies the same.

21. Rhema is without information or knowledge sufficient to form a belief as to the allegations of paragraph 21 of Plaintiff's Complaint, and therefore denies the same.

22. Rhema is without information or knowledge sufficient to form a belief as to the allegations of paragraph 22 of Plaintiff's Complaint, and therefore denies the same.

23. Rhema is without information or knowledge sufficient to form a belief as to the allegations of paragraph 23 of Plaintiff's Complaint, and therefore denies the same.

24. Denies the allegations of paragraph 24.

25. Denies the allegations of paragraph 25.

26. Denies the allegations of paragraph 26.

## COUNT I:
**Breach of Contract**

27. Answering paragraph 27, Rhema realleges and incorporates by reference its responses to all the other paragraphs in the Complaint.

28. Paragraph 28 sets forth legal conclusions requiring neither an admission nor a denial. To the extent it may be construed to allege facts, Rhema admits that the referenced document speaks for itself and denies remaining allegations in paragraph 28.

29. Denies the allegations of paragraph 29.

30. Denies the allegations of paragraph 30.

31. Denies the allegations of paragraph 31.

## COUNT II:
## Breach of Implied Warranty of Merchantability, Fla. Code §§ 672.314-672.316

32. Answering paragraph 32, Rhema realleges and incorporates by reference its responses to all the other paragraphs in the Complaint.

33. Paragraph 33 sets forth legal conclusions requiring neither an admission nor a denial. To the extent it may be construed to allege facts, Rhema admits that the referenced document speaks for itself and denies remaining allegations in paragraph 33.

34. Rhema is without information or knowledge sufficient to form a belief as to the allegations of paragraph 34 of Plaintiff's Complaint, and therefore denies the same.

35. Paragraph 35 sets forth legal conclusions requiring neither an admission nor a denial. To the extent it may be construed to allege facts, Rhema denies.

36. Rhema is without information or knowledge sufficient to form a belief as to the allegations of paragraph 36 of Plaintiff's Complaint, and therefore denies the same.

37. Denies the allegations of paragraph 37.

38. Rhema is without information or knowledge sufficient to form a belief as to the allegations of paragraph 38 of Plaintiff's Complaint, and therefore denies the same.

39. Denies the allegations of paragraph 39.

## COUNT III:
## Breach of Implied Covenant of Good Faith and Fair Dealing

40. Answering paragraph 40, Rhema realleges and incorporates by reference its responses to all the other paragraphs in the Complaint.

41. Paragraph 41 sets forth legal conclusions requiring neither an admission nor a denial. To the extent it may be construed to allege facts, Rhema admits that the referenced document speaks for itself and denies remaining allegations in paragraph 41.

42. Paragraph 42 sets forth legal conclusions requiring neither an admission nor a denial. To the extent it may be construed to allege facts, Rhema denies.

43. Paragraph 43 sets forth legal conclusions requiring neither an admission nor a denial. To the extent it may be construed to allege facts, Rhema denies.

44. Denies the allegations of paragraph 44.

45. Denies the allegations of paragraph 45.

**THIRD DEFENSE**

Rhema denies each and every allegation of Plaintiff's Complaint not explicitly admitted herein.

**FOURTH DEFENSE**

Plaintiff's damages, if any, were proximately caused by the negligence or legal fault of third parties over whom Rhema has neither control nor right to control.

**FIFTH DEFENSE**

To the extent that the comparative responsibility of Plaintiff and/or third parties equals or exceeds that, if any, of Rhema, Plaintiff is not entitled to recover its damages, if any, or, in the alternative, its damages are subject to reduction and/or apportionment.

**SIXTH DEFENSE**

Rhema's liability, if any, is limited to the amount representing their pro-rata share of comparative responsibility.

## SEVENTH DEFENSE

To the extent that Plaintiff failed to mitigate its damages, if any, and avoid the consequences thereof, its claims are barred or subject to reduction and/or apportionment.

## EIGHTH DEFENSE

Plaintiff's Complaint fails to join necessary and indispensable parties in whose absence complete and fair relief cannot be accorded.

## NINTH DEFENSE

To the extent that the product was designed, manufactured and tested in accordance with all applicable government standards and regulations governing the production of such products in existence at the time of its design and manufacture, and/or that the product was in compliance with and met the state of the art in the design and manufacture of similar products, Rhema is not liable.

## TENTH DEFENSE

Rhema alleges that, after appropriate discovery, the following affirmative defenses may be applicable: estoppel, waiver, release, justification, and/or excuse. The extent to which Plaintiff's claims may be barred by one or more of the preceding affirmative defenses cannot be determined until Rhema has had an opportunity to complete discovery.

## ELEVENTH DEFENSE

To the extent that there has been spoliation of evidence, the plaintiff's claims are barred or limited.

## TWELFTH DEFENSE

Fault should be allocated to all responsible parties who are not currently named, or in the future are named as parties to this lawsuit and to any other unnamed third parties who are in the supply chain and/or distribution of any products at issue in this lawsuit, including any suppliers of said product. The grounds for this notice are the allegations set forth in the Plaintiff's Complaint. Rhema may also seek to apportion fault to any persons or entities who modified the product at issue. Rhema reserves the right to identify additional persons or entities which may be at fault as the case develops.

## THIRTEENTH DEFENSE

This defendant reserves the right to allege additional defenses and/or withdraw alleged defenses based on additional discovery and investigation.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred for failure of consideration.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred as Plaintiff materially breached the Agreement with Defendant by, among other things, failing to perform its contractual obligations.

## SIXTEENTH DEFENSE

Defendant acted in good faith and substantially performed under the Agreement.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred or limited to the extent Plaintiff failed to comply with all of the terms and conditions of the Agreement.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred or limited to the extent that Plaintiff has failed to act in good faith and/or has breached the covenant and duty of good faith and fair dealing.

## NINETEENTH DEFENSE

Plaintiff's claims may be barred by the economic loss rule.

## TWENTIETH DEFENSE

Plaintiff's claims may be barred by lack of privity.

## TWENTY-FIRST DEFENSE

Plaintiff's claims may be barred by its lack of reliance.

## TWENTY-SECOND DEFENSE

To the extent Plaintiff has suffered any damages, such damages should be set off in an amount to be proven.

**WHEREFORE,** having answered the Complaint, Rhema prays that Plaintiff takes nothing by way of the Complaint, that the same be dismissed with prejudice, and that Rhema recover relief as appears just and equitable.

## RELIANCE ON JURY DEMAND

Rhema hereby requests a trial by jury and relies upon the jury demand made by Plaintiff.

## COUNTERCLAIM

1. Rhema is a Washington Corporation with its principal place of business in Ogden, Utah.

2. Rhema Health Products Inc. (hereinafter "Rhema") counterclaims against Garden of Life, LLC (hereinafter "GOL") as follows:

3. GOL is a limited liability company incorporated under the laws of Delaware, with its principal place of business in Palm Beach Gardens, Florida, and doing business in the State of Utah. GOL's sole member is Atrium Biotech Investments, Inc., which is organized under the laws of Delaware, with a domicile in Florida or Delaware.

4. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiff and Defendant and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. On January 22, 2015, Rhema entered into a Manufacturing Agreement "(Agreement)" with GOL to manufacture GOL's Raw Organic Meal Shake & Meal product ("Raw Meal").

6. The Agreement provides "GOL acknowledges that RHEMA is only manufacturing the Product in accordance with the Finished Goods Specifications and Packaging Specifications provided by GOL and suppliers approved or recommended by GOL."

7. The Agreement provides RHEMA was required to secure and purchase all raw materials from GOL designated and approved suppliers and vendors.

8. GOL specifications required the use of raw moringa oleifera aka moringa leaf powder ("Moringa Powder")

9. GOL was the sole designer of the specifications.

10. GOL alone was responsible for the decision to include Moringa Powder as an ingredient.

11. As set forth in section 6.1 of the Quality Agreement, "In all cases, GOL is the sole owner of the product formula and has full responsibility for safety, efficacy and claims made based on the product formula and specifications."

12. Moringa Powder is an unusual and uncommon ingredient in health food products.

13. Moringa Powder is characterized by the FDA as a "high risk" ingredient due to the nature in which it is manufactured.

14. Despite Moringa Powder being characterized as a "high risk" ingredient by the FDA, Rhema was contractually obligated under the Agreement to use Moringa Powder as set forth in the specifications.

15. Section 9.1 of the Quality Agreement provides that only raw materials from GOL designated and approved suppliers may be used by Rhema in the manufacturing process.

16. On July 28, 2015, GOL informed Rhema that it had selected, designated and approved Tri-iso Tryline LLC dba as Baobab Foods as the designated and approved supplier and vendor of the raw Moringa Powder.

17. GOL was solely responsible for the selection, due diligence and vetting of approved raw material suppliers, including Baobab.

18. Rhema had no involvement in the selection, due diligence or vetting of approved raw suppliers, including Baobab.

19. In August 2015, Baobab sold and delivered to Rhema a lot of Moringa Powder contaminated with the salmonella virchow bacteria.

20. Baobab provided Rhema with certificates of analysis attesting that the Moringa Powder was, among other things, free of salmonella.

21. Contrary to the certificate of analysis provided by Baobab, the lot of Moringa Powder Baobab supplied was latently contaminated with salmonella.

22. Rhema and its independent laboratory, Great Basin Laboratory, conducted a battery of tests on the Moringa Power Baobab supplied. All testing and analysis were performed according to contractual, industry and governmental standards. None of the testing and analysis detected the salmonella contamination in the Baobab Moringa Powder.

23. The nature of the salmonella contamination in the Moringa Powder from Baobab was not detectable by the specified quality control processes or any governmental or industry standards.

24. The source of the salmonella contamination is Moringa Powder from Baobab lot no. 050815 (the "Contaminated Product").

25. Rhema manufactured and delivered to GOL replacement Raw Meal product to replace the recalled Raw Meal product.

26. A significant amount of unfinished and finished Raw Meal product incorporating the Contaminated Product remains at Rhema.

27. In or about February 2016, GOL revised the specifications for the Raw Meal to remove Moringa Powder as an ingredient.

28. Since February 2016, Rhema continued to supply Raw Meal to GOL under the revised specifications.

29. Rhema performed its obligations under the Agreement.

30. The Products furnished to GOL under the Agreement conform to their Finished Goods Specification and Packaging Specifications.

31. The Products furnished to GOL comply with the Quality Agreement.

32. The method of manufacturing of the Products furnished to GOL complied with 21 CFR Part 111.

33. The Agreement states under Section I.2:

    GOL agrees to issue periodic purchase orders to RHEMA with the cumulative twelve-month total value of at least sixteen million dollars ($16,000,000 USD).

34. The Agreement states under Section I.7:

    With regard to materials described in paragraph 6 above, GOL acknowledges that because of minimum package quantities or other reasons beyond Manufacturer's reasonable control, RHEMA may be required to order raw materials or packaging materials in excess of that required to fulfill accepted purchase orders on hand at any given time ("Excess Materials"). RHEMA shall not hold in inventory or issue blanket purchase orders for more than a three (3) month supply of any raw materials or packaging materials without the prior written approval of GOL.

35. The Agreement states under Section I.8:

    In the event GOL changes any Formula, Process, Specification or Packaging Specification, or decreases or discontinues any Product, unless otherwise agreed in writing by RHEMA, GOL will purchase from RHEMA any Excess Materials that RHEMA does not reasonably expect will be used by RHEMA in the ordinary course of its business in the manufacture of any product for any of its customers in the three (3) months following such change or decrease or discontinuation in purchase of the Products.

36. The Agreement states under Section II.4:

    RHEMA shall be responsible for securing and purchasing all raw materials from GOL designated and approved suppliers and vendors. RHEMA will purchase raw materials and components, provided that GOL fully assists with communication to raw material suppliers.

37. The Agreement states that "RHEMA shall invoice GOL for all products on the applicable PO on the delivery date, which is payable 30 days from invoice date. Provided there are no discrepancies between the delivery and the invoice, GOL shall make payments in the amounts shown on the invoice accompanying the Product within thirty (30) days of the date of invoice."

38. On September 9, 2016, RHEMA invoiced GOL $381,336.21 for excess materials and stranded inventory.

39. GOL did not make payment payments in the amounts shown on the September 9, 2016 invoice within 30 days of the date on the invoice and has not paid the September 9, 2016 invoice.

40. Rhema's outstanding invoices for product sold and delivered to GOL is $1,123,260.47.

41. GOL did not make payment of all outstanding invoices owing to Rhema in the amount of $1,504,596.68.

42. As of October 2016, GOL owed Rhema over $2,600,000 USD for unpaid invoices.

43. The Agreement also requires GOL to make a minimum annual purchase of at least $16,000,000 USD.

44. GOL's purchases for the April 2016 to March 2017 year were less than half the agreed upon minimum annual purchase commitment.

## FIRST CAUSE OF ACTION
### Breach of Contract

45. Rhema realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as though restated and fully set forth herein. GOL has breached the Agreement, by among other things, refusing to pay invoice within thirty (30) days of receiving it.

46. Without payment, Rhema has been unable to pay creditors for the supplies used to manufacture GOL's product.

47. GOL breached its contract with Rhema by failing to meet the agreed upon minimum annual purchase commitment.

48. As a result of GOL's breach of the Agreement, Rhema has been damaged in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
### Breach of Duty of Good Faith and Fair Dealing

49. Rhema realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as though restated and fully set forth herein.

50. At all times material hereto, GOL agreed to act in good faith and deal fairly with Rhema when it entered into the Agreement.

51. Among other things, the Agreement required GOL to pay Rhema for each invoice with thirty (30) days of receiving it.

52. The Agreement also required GOL to make a minimum annual purchase from Rhema of at least $16,000,000.

53. In the absence of a reasonable basis for doing so, and with full knowledge and/or reckless disregard for the consequences, GOL failed and refused to compensate Rhema for the product and to meet its minimum purchase obligation.

54. As a result of GOL's breach, Rhema has been damaged in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
**Negligence**

55. Rhema realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as though restated and fully set forth herein.

56. GOL owed a duty to exercise reasonable care in connection with its product formula and specifications.

57. GOL owed a duty to exercise reasonable care in the selection, due diligence or vetting of approved raw suppliers, including Baobab.

58. GOL breached its duty of reasonable care by including the "high risk" ingredient Moringa Powder in its specifications.

59. GOL breached its duty of reasonable care by selecting and designating Baobab as the sole approved supplier of Moringa Powder.

60. GOL's breach of its duty of reasonable care caused damage to Rhema.

61. As a result of GOL's breach, Rhema has been damaged in an amount to be proven at trial.

//

//

//

## PRAYER FOR RELIEF ON COUNTERCLAIM

WHEREFORE, Rhema respectfully requests that judgment be entered against GOL as follows:

1. For the award of general and special damages in an amount to be determined at trial;

2. For the award of prejudgment interest and post-judgment interest as allowed by law;

3. For the costs and attorneys fees; and

4. For such other and further relief as this Court may deem just and equitable under the circumstances.


DATED this 20th day of March, 2017

                                          CHRISTENSEN & JENSEN, P.C.


                                          */s/ Heather L. Thuet*
                                          Heather L. Thuet
                                          *Attorneys for Defendant Rhema Health Products Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of March, 2017, the foregoing **AMENDED ANSWER & COUNTERCLAIM** was filed electronically utilizing the CM/ECF system which sent notification of such filing to the following:

Alan C. Bradshaw
abradshaw@mc2b.com
Christopher M. Glauser
cglauser@mc2b.com
MANNING CURTIS BRADSHAW & BEDNAR PLLC
136 East South Temple, Suite 1300
Salt Lake City, UT 84111

Jeffrey A. Simes
jsimes@goodwinlaw.com
Joanne M. Gray
jgray@goodwinlaw.com
Michael K. Murray
mmurray@goodwinlaw.com
Amanda K. Russo
arusso@goodwinlaw.com
GOODWIN PROCTER LLP
*Attorneys for Plaintiff Garden of Life, LLC*

*/s/ Heather L. Thuet*