Heather L. Thuet, #10106
CHRISTENSEN & JENSEN, P.C.
257 East 200 South, Suite 1100
Salt Lake City, Utah 84111
Telephone: (801) 323-5000
Facsimile: (866) 562-7506
Heather.Thuet@chrisjen.com

*Attorneys for Defendant and Third-Party Plaintiff Rhema Health Products Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GARDEN OF LIFE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>RHEMA HEALTH PRODUCTS INC.,<br><br>    Defendant. | |
| RHEMA HEALTH PRODUCTS INC.,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>TRI-ISO TRYLINE, LLC dba BAOBAB FOODS,<br><br>    Third-Party Defendant. | **RHEMA'S THIRD PARTY COMPLAINT**<br><br>Case No. 2:16-cv-01222-BCW<br><br>Magistrate Judge Brooke C. Wells |

Defendant and Third-Party Plaintiff Rhema Health Products Inc. (hereinafter "Rhema"),

by and through its counsel of record, Heather L. Thuet of the law firm of Christensen & Jensen,

P.C., hereby files its Third-Party Claims against Tri-Iso Tryline, LLC dba Baobab Foods (hereinafter "Baobab") and alleges as follows:

**PARTIES**

1. Rhema is a Washington Corporation with its principal place of business in Ogden, Utah.

2. Upon information and belief, at all times relevant to this lawsuit, Baobab was a Washington corporation with its principal place of business in Bellevue, Washington and was doing business in the State of Utah.

**JURISDICTION, VENUE, AND GOVERNING LAW**

3. Jurisdiction is proper before this Court pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2) and § 1391(d).

5. For the claims against Baobab, there was no agreed upon governing law; therefore, the laws of Utah shall apply to all causes of action set forth herein.

**GENERAL ALLEGATIONS**

6. Rhema manufactures health food products for third party brands at its facilities in Ogden, Utah.

7. In January 2015, Rhema and Garden of Life ("GOL") entered into a manufacturing agreement (the "Manufacturing Agreement") whereby Rhema agreed to manufacture for GOL certain products on a white label basis.

8. One of the products manufactured by Rhema for GOL under the Manufacturing Agreement was a raw meal organic shake and meal product ("Raw Meal").

9. The specifications for the Raw Meal stipulated by GOL under the Manufacturing Agreement required the use of *moringa oleifera* also referred to as moringa leaf powder ("Moringa Powder") as an ingredient.

10. The Manufacturing Agreement required Rhema to use only raw material suppliers selected and approved by GOL.

11. On July 28, 2015, GOL advised Rhema that it had selected Baobab as the approved supplier of the Moringa Powder and directed Rhema to use Baobab as the supplier for Moringa Powder.

12. Between approximately June and November 2015, Rhema issued to Baobab eleven purchase orders for the supply of Moringa Powder.

13. Rhema reasonably relied on Baobab's expertise in issuing the purchase orders and in using Baobab Moringa Powder in the Raw Meal manufactured for GOL. Further, Baobab knew Rhema was using Moringa Powder for GOL products.

14. Between approximately August 2015 and February 2016, pursuant to the purchase orders, Baobab delivered eleven lots of Moringa Powder product to Rhema at Rhema's facility in Utah.

15. Each lot of Moringa Powder delivered by Baobab came with certificates of analysis attesting that the Moringa Powder was, amongst other things, free of the *salmonella* bacteria.

16. Rhema and its independent laboratory, Great Basin Laboratory, conducted a battery of tests on each of the eleven Baobab lots before the raw material was incorporated into the Raw Meal Product. Rhema also conducted testing of the Raw Meal during manufacture and of the finished product once completed. All testing and analyses by Rhema were performed according to contractual, industry, and government standards. None of this testing and analysis detected the *salmonella* contamination in the Baobab Moringa Powder.

17. In or about September 2015, Rhema mixed 2,525 kg of Moringa Powder from Baobab lot no. 050815 delivered August 28, 2015 into approximately 118,300 kg of blended Raw Meal product which was subsequently packaged into 160,000 units of Raw Meal finished goods. As detailed below, the Moringa Powder from Baobab lot no. 050815 was, unbeknownst to Rhema, contaminated by *salmonella* at the time of delivery by Baobab to Rhema.

18. The first lots of Raw Meal incorporating Baobab Moringa Powder from Baobab lot no. 050815 were delivered to GOL in September and October 2015.

19. Between October 2015 and January 2016, GOL sold and delivered the Raw Meal products incorporating the Baobab Moringa Powder to distributors, retailers and customers in the United States. The exact amount and value of product sold and delivered by GOL in this period is not presently known to Rhema.

20. On or about January 28, 2016, Rhema was notified by GOL that the FDA had advised that the GOL Raw Meal product may be connected with reported cases of *salmonella virchow*.

21. On January 29, 2016, GOL issued a nationwide recall (the "Recall") for the Raw Meal product manufactured by Rhema between September 1 and October 31, 2015 on the basis that such product may be connected with reported cases of *salmonella virchow*.

22. Between February 1 and February 11, 2016, the FDA and Rhema conducted an exhaustive investigation into the potential cause and source of the *salmonella* contamination in the Raw Meal. Testing and analyses conducted by the FDA, Rhema and independent laboratories ultimately determine that the source of the *salmonella* contamination is Moringa Powder from Baobab lot no. 050815 (the "Contaminated Product").

23. Starting in February 2016, Rhema manufactured and delivered to GOL replacement Raw Meal product to replace the recalled Raw Meal product.

24. A significant amount of unfinished and finished Raw Meal product incorporating the Contaminated Product remains at Rhema's facility in Utah. This unfinished and finished product has been quarantined due to the Contaminated Product and cannot now be used or sold.

25. GOL seeks from Rhema losses, expenses, and damages caused by Baobab.

26. On December 2, 2016, GOL commenced the GOL Action against Rhema for strict liability, breach of warranty and breach of contract.

**FIRST CAUSE OF ACTION**
(Breach of Implied Warranty of Merchantability)

27. Rhema realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as though restated and fully set forth herein.

28. Baobab was at all relevant times a "merchant" and a "seller" with respect to Moringa Powder under Utah Code Ann. § 70A-2-104(1) and § 70A-2-103(1)(d).

29. A warranty that the Moringa Powder was in merchantable condition and fit for the ordinary purpose for which the product is used is implied by law pursuant to Utah Code Ann. § 70A-2-314.

30. The Moringa Powder, when sold and at all times thereafter, was not in merchantable condition and is not fir for the ordinary purpose for which the product is used. Specifically, the Moringa Powder was contaminated with the *salmonella virchow* bacteria.

31. Baobab was provided notice of these issues within a reasonable amount of time by Rhema through the Complaint filed by GOL based on investigations of the FDA.

32. As a direct and proximate result of Baobab's breach of the implied warranty of merchantability, Rhema has been damaged in an amount to be proven at trial.

## **SECOND CAUSE OF ACTION**
(Breach of Implied Warranty of Fitness for a Particular Purpose)

33. Rhema realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as though restated and fully set forth herein.

34. Baobab was at all relevant times a "seller" with respect to Moringa Powder under Utah Code Ann. § 70A-2-103(1)(d).

35. Baobab had reason to know that Rhema used the Moringa Powder for the particular purpose of manufacturing the Raw Meal for GOL.

36. Rhema relied on Baobab's skill and judgment to select and furnish suitable Moringa Powder for this purpose.

37. At the time it was provided, the Moringa Powder provided to Rhema by Baobab was contaminated by the *salmonella virchow* bacteria and was, therefore, not fit to be used to manufacture the Raw Meal.

38. As a direct and proximate result of Baobab's breach of implied warranty of fitness for a particular purpose, Rhema has been damaged in an amount to be proven at trial.

**THIRD CAUSE OF ACTION**
(Breach of Contract/Warranty/Indemnity)

39. Rhema realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as though restated and fully set forth herein.

40. Rhema performed its duties under the purchase orders with Baobab.

41. Baobab included certificates of analysis with the purchase orders for each Moringa Powder shipment.

42. Based on the purchase orders and certificates of analysis, Baobab represented, warranted and agreed its product would be provided in accordance with the professional standards of diligence, care, and skill, including being free of any infestation and/or foreign objects.

43. Rhema relied upon the aforesaid express and implied warranties by Baobab.

44. In its complaint, GOL has made claims against Rhema arising out of the use of the Moringa Powder provided by Baobab.

45. As a manufacturer of the Moringa Powder product and having provided a defective product to Rhema, Baobab must indemnify agreed to defend and indemnify Rhema and hold Rhema harmless from any and all claims of any kind whatever, whether well founded or not, losses, costs, expense or other damages resulting from its negligence or any breach of warranty or representation in connection with their providing the Moringa Powder.

46. Additionally, GOL's claims regarding the product, if proven, will establish Baobab's breach of the representations and warranties contained in the purchase orders and certificates of analysis.

47. Rhema has notified Baobab of the Complaint GOL filed in this action, including that GOL's claims arise out of the Moringa Leaf provided by Baobab, and Rhema has requested Baobab take action to protect Rhema as required.

48. Despite the demand, Baobab has failed and refused and continues to fail and refuse to defend and indemnify and hold Rhema harmless, all in breach of its agreement with Rhema.

49. As the Moringa Powder provided by Baobab was contaminated with *salmonella virchow*, Baobab breached its agreement with and warranty to Rhema that the product was free of any infestation and/or foreign objects.

50. Baobab's breach has caused and will continue to cause Rhema to incur damages.

51. As a direct and proximate result of Baobab's breach of contract/warranty/indemnity, Rhema has incurred or will incur damages in an amount to be proven at trial, together with attorneys fees, interest, and such other and further relief as the Court deems just and necessary.

**FOURTH CAUSE OF ACTION**
(Product Liability – Defective Condition)

52. Rhema realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as though restated and fully set for herein.

53. At the time Baobab delivered the Moringa Powder to Rhema, the product contained an unreasonably dangerous condition pursuant to Utah Code Ann. § 78B-6-702 in that

it was contaminated with the *salmonella virchow* bacteria, which posed a serious health risk to all consumers.

54. As a direct and proximate result of the unreasonably dangerous condition in the Moringa Powder provided by Baobab, Rhema has incurred or will incur damages in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION
(Negligence)

55. Rhema realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as though restated and fully set for herein.

56. At all times mentioned herein, Baobab held itself out as, and represented that it was a professional manufacturer and supplier of raw Moringa Powder, experienced and skilled in providing the necessary resources and testing to safely manufacture and supply raw Moringa Powder.

57. At all times mentioned herein, Baobab represented to Rhema that it would provide the Moringa Power in accordance with industry standards.

58. Baobab owed Rhema a duty to exercise reasonable care and diligence in providing the Moringa Powder.

59. Baobab breached its duties owed to Rhema because the Moringa Powder provided to Rhema was contaminated with the *salmonella virchow* bacteria.

60. Baobab's breach has caused Rhema to incur damages in an amount to be proven at trial.

//

//

## REQUEST FOR RELIEF

WHEREFORE, Rhema requests judgment against Baobab as follows:

1. For defense and indemnification for the claims asserted by GOL;

2. For judgment finding Baobab liable to Rhema, including, but not limited to, the extent it is liable (if at all) to GOL;

3. For the award of general and special damages in an amount to be determined at trial;

4. For the award of prejudgment interest and post-judgment interest as allowed by law;

5. For the costs and attorneys fees; and

6. For such other and further relief as this Court may deem just and equitable under the circumstances.

DATED this 20th day of March, 2017

          CHRISTENSEN & JENSEN, P.C.

          */s/ Heather L. Thuet*
          Heather L. Thuet
          *Attorneys for Defendant and Third-Party Plaintiff Rhema Health Products Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 20th day of March, 2017, the foregoing **RHEMA'S THIRD PARTY COMPLAINT** was filed electronically utilizing the CM/ECF system which sent notification of such filing to the following:

    Alan C. Bradshaw
    abradshaw@mc2b.com
    Christopher M. Glauser
    cglauser@mc2b.com
    MANNING CURTIS BRADSHAW & BEDNAR PLLC
    136 East South Temple, Suite 1300
    Salt Lake City, UT 84111

    Jeffrey A. Simes
    jsimes@goodwinlaw.com
    Joanne M. Gray
    jgray@goodwinlaw.com
    Michael K. Murray
    mmurray@goodwinlaw.com
    Amanda K. Russo
    arusso@goodwinlaw.com
    GOODWIN PROCTER LLP
    *Attorneys for Plaintiff Garden of Life, LLC*

                                                  */s/ Heather L. Thuet*