Ryan P. Atkinson, #10673
STRONG & HANNI, P.C.
102 South 200 East, Suite 800
Salt Lake City, UT 84111
Tel: (801) 532-7080
Fax: (801) 596-1508
ratkinson@strongandhanni.com

*Attorneys for Tri-Iso Tryline, LLC dba Baobab Foods*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GARDEN OF LIFE, LLC,<br><br>   Plaintiff,<br><br>v.<br><br>RHEMA HEALTH PRODUCTS INC.,<br><br>   Defendant. | **TRI-ISO TRYLINE, LLC DBA BAOBAB FOODS' ANSWER TO RHEMA HEALTH PRODUCTS INC.'S AMENDED THIRD PARTY COMPLAINT AND BAOBAB'S COUNTERCLAIM AGAINST RHEMA (RELIANCE ON JURY DEMAND)** |
| RHEMA HEALTH PRODUCTS INC.,<br><br>   Third-Party Plaintiff,<br><br>v.<br><br>TRI-ISO-TRYLINE, LLC dba BAOBAB FOODS,<br><br>   Third-Party Defendant. | Civil No. 2:16-CV-01222-BCW<br><br>Judge Brooke C. Wells |

Third Party Defendant Tri-Iso Tryline, LLC dba Baobab Foods ("Baobab"), by and through counsel of record at Strong & Hanni, P.C., hereby answers Third-Party Plaintiff Rhema Health Products Inc.'s ("Rhema") Amended Third Party Complaint and alleges as follows.

## FIRST DEFENSE

Rhema' Amended Third Party Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

1. Baobab denies paragraph 1 for insufficient information.

2. Baobab admits paragraph 2.

3. Baobab admits paragraph 3.

4. Baobab admits paragraph 4.

5. Baobab admits paragraph 5.

6. Baobab denies paragraph 6 for insufficient information.

7. Baobab denies paragraph 7 for insufficient information.

8. Baobab denies paragraph 8 for insufficient information.

9. Baobab denies paragraph 9 for insufficient information.

10. Baobab denies paragraph 10 for insufficient information.

11. Answering paragraph 11, Baobab admits it was selected by GOL as the approved supplier of raw Moringa Powder and denies the remaining allegations for insufficient information.

12. Baobab admits paragraph 12.

13. Baobab admits paragraph 13.

14. Baobab admits paragraph 14.

15. Baobab admits paragraph 15.

16. Baobab admits paragraph 16.

17. Baobab admits paragraph 17.

18. Baobab admits paragraph 18.

19. Baobab admits paragraph 19.

20. Baobab admits paragraph 20.

21. Baobab denies paragraph 21 because it calls for expert opinion and a legal conclusion.

22. Baobab admits paragraph 22.

23. Baobab denies paragraph 23 because it calls for expert opinion and a legal conclusion.

24. Baobab admits paragraph 24.

25. Answering the allegations of paragraph 25, Baobab knew Garden of Life wanted raw Moringa Powder, and deny the remaining allegations.

26. Baobab denies paragraph 26.

27. Baobab admits paragraph 27.

28. Baobab admits paragraph 28.

29. Baobab admits paragraph 29.

30. Baobab denies paragraph 30 for insufficient information.

31. Baobab denies paragraph 31 for insufficient information.

32. Baobab admits paragraph 32.

33. Baobab admits paragraph 33.

34. Baobab admits paragraph 34.

35. Baobab admits paragraph 35.

36. Answering the allegations of paragraph 36, Baobab admits that Rhema issued 11 purchase orders to Baobab for Moringa powder and that it did so between approximately June and December of 2015, and denies the remaining allegations of the paragraph for insufficient information.

37. Baobab admits paragraph 37.

38. Baobab admits paragraph 38.

39. Baobab denies paragraph 39 for insufficient information.

40. Answering paragraph 40, Baobab denies it knew Rhema was using Moringa powder for GOL's Raw Meal product, and denies the remaining allegations of the paragraph for insufficient information.

41. Baobab denies paragraph 41.

42. Answering the allegations of paragraph 42, Baobab admits that it delivered 11 shipments of Moringa powder product to Rhema between approximately August 2015 and February 2016 and denies the remaining allegations of the paragraph.

43. Baobab admits paragraph 43.

44. Baobab admits paragraph 44.

45. Baobab denies paragraph 45.

46. Baobab denies paragraph 46.

47. Baobab denies paragraph 47 for insufficient information.

48. Baobab denies paragraph 48 for insufficient information.

49. Baobab denies paragraph 49 for insufficient information.

50. Baobab admits paragraph 50.

51. Baobab denies paragraph 51 for insufficient information.

52. Baobab admits paragraph 52.

53. Baobab denies paragraph 53 for insufficient information.

54. Baobab admits paragraph 54.

55. Baobab denies paragraph 55 for insufficient information.

56. Baobab denies paragraph 56 because it calls for an expert opinion.

57. Baobab admits paragraph 57.

58. Baobab denies paragraph 58 because it calls for an expert opinion.

59. Baobab denies paragraph 59 because it calls for an expert opinion.

60. Baobab denies paragraph 60 because it calls for an expert opinion.

61. Baobab denies paragraph 61 because it calls for an expert opinion.

62. Baobab denies paragraph 62 because it calls for an expert opinion.

63. Baobab denies paragraph 63 for insufficient information.

64. Baobab admits paragraph 64.

65. Baobab admits paragraph 65.

66. Baobab denies paragraph 66.

67. Baobab admits paragraph 67.

68. Baobab admits paragraph 68.

69. Baobab admits paragraph 69.

70. Baobab denies paragraph 70.

71. Baobab admits paragraph 71.

72. Baobab denies paragraph 72 for insufficient information.

73. Baobab denies paragraph 73 for insufficient information.

74. Baobab denies paragraph 74 for insufficient information.

75. Baobab admits paragraph 75.

76. Baobab reincorporates its answers to paragraphs 1-75 as if fully set forth herein.

77. Answering paragraph 77, Baobab admits it sold raw Moringa powder at relevant times in this lawsuit. Baobab denies the remaining allegations of the paragraph.

78. Baobab denies paragraph 78 because it calls for a legal conclusion.

79. Baobab denies paragraph 79 because it calls for a legal conclusion.

80. Baobab denies paragraph 80.

81. Baobab denies paragraph 81.

82. Baobab denies paragraph 82.

83. Baobab reincorporates its answers to paragraphs 1-82 as if fully set forth herein.

84. Baobab denies paragraph 84 because it calls for a legal conclusion.

85. Baobab denies paragraph 85.

86. Baobab denies paragraph 86.

87. Answering paragraph 87, Baobab admits salmonella contaminated raw Moringa Powder is not fit for use in food product, and denies the remaining allegations of the paragraph.

88. Baobab denies paragraph 88 for insufficient information.

89. Baobab denies paragraph 89 for insufficient information.

90. Baobab denies paragraph 90.

91. Baobab denies paragraph 91.

92. Baobab reincorporates its answers to paragraphs 1-91 as if fully set forth herein.

93. Baobab denies paragraph 93 because it calls for a legal conclusion.

94. Baobab denies paragraph 94.

95. Baobab denies paragraph 95.

96. Baobab denies paragraph 96 because it calls for a legal conclusion.

97. Baobab admits paragraph 97.

98. Baobab denies paragraph 98 because it calls for a legal conclusion.

99. Baobab denies paragraph 99 because it calls for a legal conclusion.

100. Baobab denies paragraph 100 for insufficient information.

101. Baobab admits paragraph 101.

102. Baobab denies paragraph 102.

103. Baobab denies paragraph 103.

104. Answering the allegations of paragraph 104, Baobab admits Rhema has notified Baobab of the Complaint GOL filed in this action including that GOL's claims arise out of the Moringa Powder provided by Baobab and that Rhema has requested that Baobab act to protect Rhema, and denies the remaining allegations of the paragraph.

105. Answering the allegations of paragraph 105, Baobab admits that it has refused and continues to refuse to defend, indemnify, and to hold Rhema harmless and denies the remaining allegations of the paragraph.

106. Baobab denies paragraph 106.

107. Baobab denies paragraph 107.

108. Baobab denies paragraph 108.

109. Baobab denies paragraph 109.

110. Baobab denies paragraph 110.

111. Baobab reincorporates its answers to paragraphs 1-110 as if fully set forth herein.

112. Baobab denies paragraph 112.

113. Baobab denies paragraph 113.

114. Baobab reincorporates its answers to paragraphs 1-113 as if fully set forth herein.

115. Answering paragraph 115, Baobab admits it held itself out as a supplier of raw Moringa Powder and that it would deliver raw Moringa Powder in conformance with Garden of Life's specifications, and denies the remaining allegations of the paragraph.

116. Answering paragraph 116, Baobab admits it represented to Garden of Life that it would provide Moringa Powder in accordance with Garden of Life's specifications, and deny the remaining allegations of the paragraph.

117. Baobab denies paragraph 117 because it calls for a legal conclusion.

118. Baobab denies paragraph 118.

119. Baobab denies paragraph 119.

## **THIRD DEFENSE**

By way of a separate and affirmative defense, Baobab alleges that Rhema was negligent in that its acts, omissions, and faults should be determined by the fact finder and apportioned by a special verdict interrogatory.

**FOURTH DEFENSE**

By way of a separate and affirmative defense, Baobab alleges that the claims brought against it are barred and/or precluded by misuse, alteration, and/or knowing acceptance by Rhema, use of the product by Rhema, and its failure to reject the product.

**FIFTH DEFENSE**

By way of a separate and affirmative defense, Baobab alleges that to the extent individuals and/or entities not named in the above-entitled action cause and/or contributed to the incident and claimed damages alleged by Plaintiffs, the fault of said individuals and/or entities should be determined by the jury on a special verdict interrogatory and Baobab reserves the right to identify such individuals or entities as they become apparent in discovery.

**SIXTH DEFENSE**

By way of a separate and affirmative defense, Baobab alleges the moringa powder was specified and accepted by Rhema barring the claims made by Rhema herein against Baobab.

**SEVENTH DEFENSE**

By way of a separate and affirmative defense, Baobab alleges that to the extent Rhema failed to mitigate against its claimed damages, it may not recover.

**EIGHTH DEFENSE**

By way of a separate and affirmative defense, Baobab denies each allegation in Rhema's Third Party Complaint not specifically admitted, and reserves the right to allege additional affirmative defenses as they become apparent through discovery.

WHEREFORE, having fully answered Rhema's Amended Third Party Complaint, Baobab prays for judgment for no cause of action, for its costs, and for such other and further relief as is just and equitable, and demands a jury trial.

## COUNTERCLAIM

For its Counterclaim against Third-party Plaintiff Rhema, Baobab alleges as follows:

1. On or about December 23, 2015 Baobab invoiced Rhema (Invoice number 16897) for Moringa Oleifera purchased by Rhema totaling $38,092.46.

2. On or about December 23, 2015 Baobab invoiced Rhema (Invoice number 16869) for Moringa Oleifera purchased by Rhema totaling $19,275.71.

3. On or about January 29, 2016 Baobab invoiced Rhema for Baobab Fruit Powder purchased by Rhema on or about December 28, 2015 (Invoice number 10053) in the amount of $10,407.41.

4. On or about February 3, 2016 Baobab invoiced Rhema for Baobab Fruit Powder purchased by Rhema on February 1, 2016 (Invoice number 10101) in the amount of $10,403.56.

5. On or about February 26, 2016 Baobab invoiced Rhema for Baobab Fruit Powder purchased by Rhema on February 15, 2016 (Invoice number 10181) in the amount of $20,652.99.

6. On or about March 7, 2016 Baobab invoiced Rhema for Baobab Fruit Powder purchased by Rhema on March 1, 2016 (Invoice number 10212) in the amount of $20,641.50.

7. To date Rhema has not paid the outstanding invoices and owes Baobab $119,194.63 plus interest.

## FIRST CAUSE OF ACTION
(Breach of Contract)

8. Baobab restates and realleges the allegations of paragraphs 1 through 7 as if fully set forth herein.

9. Baobab and Rhema entered into a binding contract for goods when Rhema ordered Moringa Oleifera Powder and Baobab Fruit Powder for purchase on the dates listed above.

10. Rhema breached the contracts when it refused to pay Baobab the amounts owing for those products.

11. Baobab has been damaged in the amount of $119,193.64 which is the cost of the goods purchased by Rhema and the costs agreed to by Rhema when it took possession of the goods.

## SECOND CAUSE OF ACTION
(Money Owed)

12. Baobab restates and realleges the allegations of paragraph 1 through 11 as if fully set forth herein.

13. Baobab has repeatedly requested that Rhema remit payment of the amounts due and owing to Baobab.

14. Baobab has conferred benefits on Rhema by providing it with the ordered goods of which Rhema has knowledge or appreciation, and acceptance and retention of those benefits via the goods by Rhema is unequitable without payment of their value.

15. Rhema has failed to remit said payments, and to date continues to refuse to pay the balance due and owing to Baobab therefore causing Baobab to suffer damages in the amount of $119,193.64 plus interest, attorney's fees and costs.

WHEREFORE, Baobab damages judgment against Rhema in the amount of $119,193.64 as compensatory damages, together with interest, attorney's fee, costs, and expenses, as in such another further relief as the Court deems just and proper.

Under the Federal Rules of Civil Procedure, Baobab hereby relies on upon the demand for trial by jury submitted by Plaintiff Garden of Life in its Complaint.

DATED this 25th day of October, 2017.

STRONG & HANNI

*/s/ Ryan P. Atkinson*

_____

Ryan P. Atkinson
*Attorneys for Tri-Iso Tryline, LLC dba Baobab Foods*

# CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of October, 2017 a true and correct copy of the foregoing **TRI-ISO TRYLINE, LLC DBA BAOBAB FOODS' ANSWER TO RHEMA HEALTH PRODUCTS INC.'S AMENDED THIRD PARTY COMPLAINT AND BAOBAB'S COUNTERCLAIM AGAINST RHEMA (RELIANCE ON JURY DEMAND)** was served by the method indicated below, to the following:

| | | |
|---|---|---|
| Joanne M. Gray | (X) | Electronic Filing |
| Jeffrey A. Simes | ( ) | U. S. Mail, Postage Prepaid |
| GOODWIN PROCTER LLP | ( ) | Hand Delivered |
| 620 Eighth Ave. | ( ) | Overnight Mail |
| New York, NY 10018 | ( ) | Email |
| jgray@goodwinlaw.com | | |
| jsimes@goodwinlaw.com | | |
| *Attorneys for Plaintiff Garden of Life, LLC* | | |
| | | |
| Michael K. Murray | (X) | Electronic Filing |
| GOODWIN PROCTER LLP | ( ) | U. S. Mail, Postage Prepaid |
| 100 Northern Ave. | ( ) | Hand Delivered |
| Boston, MA 02210 | ( ) | Overnight Mail |
| mmurray@goodwinlaw.com | ( ) | Email |
| *Attorneys for Plaintiff Garden of Life, LLC* | | |
| | | |
| Amanda K. Russo | (X) | Electronic Filing |
| GOODWIN PROCTER LLP | ( ) | U. S. Mail, Postage Prepaid |
| 901 New York Ave. NW | ( ) | Hand Delivered |
| Washington, DC 20001 | ( ) | Overnight Mail |
| arusso@goodwinlaw.com | ( ) | Email |
| *Attorneys for Plaintiff Garden of Life, LLC* | | |

| | | |
|---|---|---|
| Heather L. Thuet | (X) | Electronic Filing |
| CHRISTENSEN & JENSEN, P.C. | ( ) | U. S. Mail, Postage Prepaid |
| 257 East 200 South, Suite 1100 | ( ) | Hand Delivered |
| Salt Lake City, Utah 84111 | ( ) | Overnight Mail |
| Heather.Thuet@chrisjen.com | ( ) | Email |
| *Attorneys for Defendant and Third-Party Plaintiff Rhema Health Products Inc.* | | |
| | | |
| Alan C. Bradshaw | (X) | Electronic Filing |
| Christopher M. Glauser | ( ) | U. S. Mail, Postage Prepaid |
| MANNING CURTIS BRADSHAW & BEDNAR PLLC | ( ) | Hand Delivered |
| | ( ) | Overnight Mail |
| 136 East South Temple, Suite 1300 | ( ) | Email |
| Salt Lake City, UT 84111 | | |
| abradshaw@mc2b.com | | |
| cglauser@mc2b.com | | |
| *Attorneys for Counter Defendant Garden of Life* | | |

*/s/ Melissa Aguilar*