Heather L. Thuet, #10106
Bryson R. Brown, #14146
CHRISTENSEN & JENSEN, P.C.
257 East 200 South, Suite 1100
Salt Lake City, Utah 84111
Telephone: (801) 323-5000
Facsimile: (866) 562-7506
Heather.Thuet@chrisjen.com
Bryson.Brown@chrisjen.com

*Attorneys for Defendant and Third-Party Plaintiff Rhema Health Products Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GARDEN OF LIFE, LLC,<br><br>     Plaintiff,<br><br>v.<br><br>RHEMA HEALTH PRODUCTS INC.,<br><br>     Defendant. | **AMENDED SCHEDULING ORDER**<br><br>Case No. 2:16-cv-01222-BSJ<br><br>Judge Bruce S. Jenkins |
| RHEMA HEALTH PRODUCTS INC.,<br><br>     Third-Party Plaintiff,<br><br>v.<br><br>TRI-ISO TRYLINE, LLC dba BAOBAB FOODS,<br><br>     Third-Party Defendant. | |

The Court, having reviewed the parties "Stipulated Motion to Amend the Court's Scheduling Order and Reschedule the Hearing Set for November 15, 2017" and for good cause showing, hereby grants the motion.

The hearing on the [50] Motion to Dismiss and [49] Motion to Dismiss and Strike and [57] Motion to Clarify currently set for November 15, 2017 is vacated and is re-set for January 17, 2018, at 1:30 p.m.

Additionally, the Court hereby enters the following scheduling order, which supercedes and replaces any other scheduling order previously entered by the Court in this matter:

1.     **PRELIMINARY MATTERS**     **DATE**

   **Nature of claims and any affirmative defenses:**
   The parties rely on the pleadings filed in this Court as defining the nature and basis of their claims and defenses for this case.

   | | | |
   |---|---|---|
   | a. | **Was Rule 26(f)(1) Conference held?** | _04/26/2017_ |
   | b. | **Have the parties submitted the Attorney Planning Meeting Form?** | _04/28/2017_ |
   | c. | **Deadline for 26(a)(1) initial disclosure?** | _05/19/2017_ |

2.     **DISCOVERY LIMITATIONS**     **NUMBER**

   | | | |
   |---|---|---|
   | a. | **Maximum Number of Depositions by any Party of Any Party** | _10_ |
   | c. | **Maximum Number of Hours for Each Deposition** (unless extended by agreement of parties) | _7_ |
   | d. | **Maximum Interrogatories by Any Party to Any Party** | _25_ |
   | e. | **Maximum Requests for Admissions by Any Party to Any Party** | _25_ |
   | f. | **Maximum Requests for Production by Any Party to Any Party** | _30_ |

   g.     **The Parties shall handle discovery of electronically stored information as follows:**

   *The parties shall conduct electronic searching of all electronic databases for requested documents using agreed upon key words and terms. Whenever practical, documents will be produced in electronic format with compatible load files. Specialized documents not amenable to this format will be produced in their native format. The parties shall produce documents in the electronic format of black and white single page TIFFs, with the file extension .TIF. Each image is to be named with*

*its corresponding production number.*

*Files that are not conducive to an image review should be produced in native format. Examples of these files types are Excel and PowerPoint. When producing files in native format, the native files are to be named with the production number assigned to the document and the confidentiality designation. For each natively produced file, a TIFF placeholder should be included. The placeholder is to state, "This document has been produced in native format," and it should be endorsed with any confidentiality legend and bates number. A text file must be provided for each native file. If extracted text is not available, the text file should include a machine generated OCR. Both the image and text file must be named with the production number and reside in the same directory.*

*General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include metadata absent a showing of good cause by the party seeking production of metadata. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production.*

*Pursuant to Rule 26(b)(2)(B), the parties need not provide discovery of ESI from sources that the party identifies as not reasonably accessible because of undue burden or cost.*

*Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or protected work product ESI is not a waiver in the pending case or in any other federal or state proceeding. The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection. Any challenge related to an inadvertently produced ESI that the producing party claims is privileged or work product ESI shall be governed by the applicable provisions of a Protective Order, as discussed below.*

*Upon a showing of good cause, costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. The party proposing cost shifting shall have the burden of demonstrating the appropriateness of cost shifting.*

h. **The parties shall handle a claim of privilege or protection as trial preparation material asserted after production as follows:**

*The parties have not yet agreed to a proposed order regarding the handling of confidential information and inadvertently produced privileged or protected information, but will continue to negotiate in good faith concerning these issues.*

| | | | |
|---|---|---|---|
| | i. | Last day to serve written discovery: | *04/27/2018* |
| | j. | Close of fact discovery: | *06/01/2018* |
| | k. | Final date for supplementation of disclosures and discovery under Rule 26(e): | *Per Rule* |
| 3. | | **AMENDMENT OF PLEADINGS/ADDING PARTIES**[1] | **DATE** |
| | a. | Last Day to File Motion to Amend Pleadings | *10/06/2017* |
| | b. | Last Day to File Motion to Add Parties | *10/06/2017* |
| 4. | | **RULE 26(a)(2) REPORTS FROM EXPERTS** | **DATE** |
| | a. | Deadline for Plaintiffs to Disclose Affirmative Experts | *10/01/2017* |
| | b. | Deadline for Defendants and Third Party Defendants to Disclose Affirmative Experts | *11/01/2017* |
| | c. | Affirmative Expert Reports Due | *05/25/2018* |
| | d. | Counter Expert Reports Due | *06/29/2018* |

*Draft expert reports are not discoverable and need not be retained. The parties further agree that communications between attorney and expert are not discoverable unless the communications form the basis of any aspect of the expert's opinion.*

| | | | |
|---|---|---|---|
| 5. | | **OTHER DEADLINES** | **DATE** |
| | a. | Last day for Expert Discovery | *07/27/2018* |
| | b. | Deadline for filing dispositive or potentially dispositive motions | *08/31/2018* |
| | c. | Deadline for filing partial or complete motions to exclude expert testimony | *08/31/2018* |
| 6. | | **SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION** | **DATE** |

---

[1] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

| | | | | |
|---|---|---|---|---|
| | a. | Referral to Court-Annexed Mediation: | | *N/A* |
| | b. | Referral to Court-Annexed Arbitration: | | *N/A* |
| | c. | The parties will complete Private Mediation/Arbitration by: | | *N/A* |
| | d. | Evaluate case for Settlement/ADR on: | | *05/04/2018* |
| | e. | Settlement Probability: | | |

*The parties are open to exploring the possibility of settlement, but believe that settlement is unlikely at this time.*

| | | | TIME | DATE |
|---|---|---|---|---|
| 7. | | **TRIAL AND PREPARATION FOR TRIAL** | | |
| | a. | Rule 26(a)(3) Pretrial Disclosures[2] | | |
| | | Plaintiff | | *00/00/00* |
| | | Defendant/Third-Party Plaintiff | | *00/00/00* |
| | | Third-Party Defendant | | *00/00/00* |
| | b. | Objections to Rule 26(a)(3) Disclosures (if different than 14 days provided in Rule) | | *Per Rule* |
| | c. | Special Attorney Conference[3] on or before | | *00/00/00* |
| | d. | Settlement Conference[4] on or before | | *00/00/00* |
| | e. | Final Pretrial Conference | *10:00 a.m.* | *10/18/2018* |

---

[2] The Parties must disclose and exchange any demonstrative exhibits or animations with the 26(a)(3) disclosures.

[3] The Special Attorneys Conference does not involve the Court. Counsel will agree on voir dire questions, jury instructions, a pre-trial order and discuss the presentation of the case. The parties should schedule witnesses to avoid gaps and disruptions. The parties should mark exhibits in a way that does not result in duplication of documents. The pre-trial order should include any special equipment or courtroom arrangement requirements.

[4] The Settlement Conference does not involve the Court unless the Court enters a separate order. Counsel must ensure that a person or representative with full settlement authority or otherwise authorized to make decisions regarding settlement is available in person or by telephone during the Settlement Conference.

5

|   | Proposed Pretrial Order due to Chambers nlt | | *10/11/2018* |
|---|---|---|---|
| f. | **Trial** | **Length** | |
|   | **i. Bench Trial** | *N/A* | :__.m. *00/00/00* |
|   | **ii. Jury Trial** | *5 days* | :__.m. *00/00/00* |

8. **OTHER MATTERS**

Parties should file all Motions in Limine well in advance of the Final Pre Trial.

Signed November 9, 2017.

BY THE COURT:

*[signature]*

Honorable Bruce S. Jenkins
U.S. District Judge