Heather L. Thuet, #10106
Bryson R. Brown, #14146
CHRISTENSEN & JENSEN, P.C.
257 East 200 South, Suite 1100
Salt Lake City, Utah  84111
Telephone:  (801) 323-5000
Facsimile:   (866) 562-7506
Heather.Thuet@chrisjen.com
Bryson.Brown@chrisjen.com

*Attorneys for Defendant and Third-Party Plaintiff Rhema Health Products Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GARDEN OF LIFE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>RHEMA HEALTH PRODUCTS INC.,<br><br>    Defendant.<br><br>RHEMA HEALTH PRODUCTS INC.,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>TRI-ISO TRYLINE, LLC dba BAOBAB FOODS,<br><br>    Third-Party Defendant. | **RHEMA HEALTH PRODUCTS INC'S MOTION IN LIMINE TO EXCLUDE GARDEN OF LIFE'S COMPUTATION OF DAMAGES AND OTHER DAMAGE EVIDENCE THAT GARDEN OF LIFE FAILED TO DISCLOSE AS REQUIRED BY RULE 26 AND MEMORANDUM IN SUPPORT**<br><br>Case No. 2:16-cv-01222-BSJ<br><br>Judge Bruce S. Jenkins |

Rhema Health Products Inc., through counsel and pursuant to Federal Rules of Civil Procedure 26 and 37, hereby moves to exclude Garden of Life, LLC's claim of $6.5 million "cost of Raw Meal" and $3.75 million "refunds to retailers" damages for failure to provide a "computation" of those damages or otherwise produce documents supporting the damages before the close of fact discovery and the deadline for affirmative expert reports.

GOL was required to provide its computation of damages and documents supporting its damage claims as part of its initial disclosures more than fifteen months ago. GOL was also obligated to supplement its deficient disclosures in a timely manner. Despite its obligation and repeated requests that it provide its computation of damages and documents supporting its unsupported damage figures, GOL declined to do so. Because the computation and evidence that might support GOL's damages was withheld until August 5, 2018, Rhema was unable to conduct discovery. On August 5, 2018, GOL finally provided its computation of damages and 650 pages of supporting documents.  This supplementation is too little, too late.  GOL's initial disclosures were due May 25, 2017.  The last day to serve written discovery was April 27, 2018. The window for fact discovery and to disclose affirmative expert reports closed months before.

GOL's failure to comply with its disclosure obligations necessitates exclusion of GOL's damages claim of $6.5 million "cost of Raw Meal" and $3.75 million "refunds to retailers" as well as any document, other than GOL00000001- GOL00005906, that may support these claims. Allowing GOL to supplement with additional documents that should have been provided in its initial disclosures, more than a year after the Court ordered GOL to make those disclosures electronically, after the close of fact discovery and after the affirmative expert disclosure deadline is without justification and would unfairly prejudice Rhema.

1

I. STATEMENT OF FACTS

1. Under the Court's Scheduling Order and Amended Scheduling Order, the deadline for 26(a)(1) initial disclosures was May 19, 2017. The last day to serve written discovery was April 27, 2018. The close of fact discovery was June 1, 2018. The deadline for GOL to disclose its affirmative experts was October 1, 2017. The deadline for GOL to produce its affirmative expert reports was May 25, 2018. *See* "Scheduling Order," ECF 36, filed May 31, 2017, p. 1; "Amended Scheduling Order," ECF 70, filed November 9, 2017, p. 2.

2. As set forth in the Scheduling Order and Amended Scheduling Order, the parties were ordered to produce electronically stored information "in electronic format with compatible load files" or, for "[s]pecialized documents not amenable to this format[,] … in their native format." Further, the Court ordered the parties to "produce documents in the electronic format of black and white single page TIFFs, with the file extension .TIF and to name each image "with its corresponding production number." *Id.*, p. 2.

3. GOL's May 19, 2017 initial disclosures included damages claims of $6,571,882 for "the cost of the Raw Meal product recalled and destroyed" and of $3,755,186 for "refunds to retailers for recalled product." Ex. A, "Garden of Life's Initial Disclosures Pursuant to Rule 26(a)(1)(A)," served May 19, 2017, p. 5.

4. GOL's initial disclosures did not provide a computation of how GOL arrived at the $6.5 million figure for recalled and destroyed product or how GOL arrived at the $3.75 million figure for retailer refunds. *Id.*

5. GOL did not provide a computation of either amount in a supplemental disclosure during fact discovery or provide additional disclosures of its damage computation or documents prior to close of fact discovery.

6. During discovery, GOL was asked to disclose "all lawsuits and/or complaints filed by consumers of the contaminated products at issue in this litigation … the claimant's name, state of contamination, state of filing, date of filing and disposition" as well as to produce "all documents related to all lawsuits or complaints filed by consumers…." Ex. B, "Baobab Foods' First Set of Interrogatories and Requests for Production of Documents to Plaintiff Garden of Life," served January 29, 2018, at interrogatory no. 4 and request for production no. 4.

7. Similarly, GOL was asked to list all actions and to produce all documents related to actions taken by GOL to remedy any of the FDA claims or complaints. *Id.*, at interrogatory no. 7 and request for production no. 7.

8. On June 6, 2018, Third-Party Defendant, Tri-ISO Tryline, LLC dba Baobab Foods ("Baobab Foods"), explicitly asked GOL if it had provided "all documents detailing it claimed damages," noting that Baobab had not "see[n] much in the previously produced documents." Ex. C, email from Ryan Atkinson to Jeffrey A. Simes, dated June 6, 2018.

9. On June 7, 2018, Rhema also asked GOL to confirm that it had provided all documents supporting its claimed damages. Ex. C, email from Heather Thuet to Jeffrey Simes, dated June 7, 2018.

10. On June 11, 2018, GOL responded to both Baobab Foods and Rhema that "GOL has provided both a summary and underlying documents concerning its damages." Ex. D, email from Jeffrey A. Simes to Heather Thuet, dated June 11, 2018.

3

11. GOL's deficient damage disclosure has been raised by Rhema in open court. On June 22, 2018, Rhema's counsel stated:

> **MS. THUET**: Your Honor, as far as damages go, it's our understanding that Garden of Life has produced all of the damage documents, including supporting documents, it intends to use and rely upon. It would be helpful I think for us, for purposes of mediation, to have a clarification set forth that if information has not been provided to opposing counsel as to their damages and supporting documents by a date certain in advance of the mediation, that that information would be precluded from being used at trial. I think that would be very helpful for us to have in order to have an efficient and effective mediation.
> **THE COURT**: Well --
> **MR. GLAUSER**: We would object to that, Your Honor. I don't think there is anything in the rules –
> **THE COURT**: I will let you folks worry about that. I'm not going to worry about that. I can't make a determination as to whether something is useful at trial or not until we look at it. But that's a Monday, August 20.

Ex. E, June 22, 2018 Transcript at 6:8-7:5 and 12:22-13:2.

12. Further, Rhema's counsel explained: "frankly, from my client's standpoint, we would need a sufficient amount of time from when we receive Garden of Life's damage calculation in order to have the ability to have enough information to resolve the case at mediation, and that has a tendency to take some time." *Id*.

13. On July 3, 2018, Rhema once again wrote to GOL about its failure to meet its minimum disclosure obligations, detailing the missing information and documents GOL had failed to disclose for the amount claimed. Ex. F, July 3, 2018 letter from Heather Thuet to Jeffrey A. Simes.

14. Nearly a month later, GOL responded again asserting it had already provided Rhema with its calculation and supporting documents. Ex. G, July 27, 2018 letter from Jeffrey Simes to Heather Thuet.

4

15. GOL did not designate an expert to support its damage claims. GOL's only expert report does not support its damage claims. Ex. H, "Garden of Life, LLC's rule 26(a)(2) Expert Witness Disclosure," served September 29, 2017.

16. During the fact-discovery window, GOL produced documents GOL00000001-GOL00005906.

17. On Sunday, August 5, 2018 at 6:57 pm, GOL sent 654 pages of damages documents including its damage calculations as the last 5 pages; GOL produced these documents in electronic format. Ex. I, August 5, 2018 email from Amanda Russo (enclosing electronic copies of documents GOL00005907-6561). Therein, GOL includes the computation of "the cost of the Raw Meal product recalled and destroyed" and GOL's computation of "refunds to retailers for recalled product." Ex. J, Garden of Life Raw Meal Recall Inventory Disposition Detail by Item and Lot Number March 2016, GOL00006557 and Ex. K, Garden of Life Recall Returns by Party by Transaction, GOL00006560.

## II. ARGUMENT

**A. GOL failed to support its damages as required under Federal Rule of Civil Procedure 26(a) because it failed to provide a "computation" of its damages and otherwise failed to timely produce the documents supporting its damages claim.**

Rule 26(a) requires a party to provide basic information concerning claimed damages "without awaiting a discovery request." FED. R. CIV. P. 26(a). Rule 26(a)(1)(A)(iii) requires more than providing an amount claimed; it requires the disclosing party to provide a "computation" of each category of damages and the documents "on which each computation is based." *Id.* The requirement for a computation is to "accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information, and the rule should be

5

applied in a manner to achieve those objectives." Fed. R. Civ. P. 26, Advisory Committee Notes, 1993 Amendments, Note to Subdivision (a), Paragraph (1). Subparagraph 26(a)(1)(iii) "imposes a burden of disclosure that includes the functional equivalent of a standing Request for Production under Rule 34." *Id.* As discussed below, GOL failed to comply with these requirements.

First, GOL did not provide its damage computation required under Rule 26(a). Rule 26(a) requires a party to provide a computation of any category of damages voluntarily, i.e. "without awaiting a discovery request." *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295-96 (2d Cir. 2006). Rule 26(a) requires more than providing a dollar figure; it requires a "computation" supported by documents. *Id.* As the seminal case *City & Cty. of S.F. v. Tutor-Saliba Corp.* explains, simply identifying a lump-sum number does not suffice; the disclosing party must show its work: "the 'computation' of damages required by [Rule26(a)(1)(A)(iii)] contemplates some analysis; for instance, in a claim for lost wages, there should be some information relating to hours worked and pay rate." 218 F.R.D. 219, 221 (N.D. Cal. 2003). GOL's assertion that it has provided both a summary and underlying documents concerning its damages is insufficient – but is one to which it is now bound.

For example, GOL claimed the cost of Raw Meal product totals $6.5 million but failed to state how it arrived at that total. Similarly, GOL claimed refunds totaling $3.75 million but failed to explain how it arrived at that number. GOL did not provide the basic elements of a computation: GOL did not provide an integer or per unit: it did not show how it arrived at the numbers. A conclusory dollar figure is not a computation.

6

Based on the damages GOL is claiming, one would expect to see at the minimum the following: (1) a detailed listing of the quantity of product along with a detailed listing of the costs of each product (e.g. 1000 units of vanilla at $9 per unit; 500 units of chocolate at ($9.30 per unit); (2) accounting spreadsheet showing refunds to retailers and copies of all credit memos issued by GOL to retailers; (3) copies of invoices of all external costs incurred; (4) detailed calculations of internal administrative cost incurred; (5) accounting spreadsheet of medical settlements; and (6) any additional documentation that details the above computations.

Second, GOL did not provide the documentation to support its damage computation required under Rule 26(a)- until after the fact and expert windows had been closed for months. As mandated by the Court, GOL was required to provide its initial disclosures by May 19, 2017 and was required to produce any documents stored electronically "in electronic format." ECF 70 at p. 2. GOL did not provide any damage documentation with its initial disclosures, nor did GOL attempt to reasonably supplement its initial disclosures during discovery. GOL violated Rule 26(e), which requires timely supplementation of initial disclosures and discovery responses, because Rhema and Baobab Foods repeatedly reminded GOL it had failed to provide computations and documentation to support its claim for damages in its initial disclosures. When GOL belatedly dumped 654 pages of damages documents on Rhema on August 5, 2018, the documents were in electronic format. Any claim by GOL that it was not required to produce documents supporting its claims for damages in electronic format runs afoul of this Courts' clear mandate.

Rhema had a right to know from the outset how much GOL thought Rhema had damaged it and how it arrived at that number and the supporting documents. GOL was required to provide

7

its computation and produce any supporting documents in electronic format by May 19, 2017. GOL has no basis to withhold its computation or documents. GOL's failure to provide Rhema with a computation of its claimed damages and to produce in electronic format the documents on which that computation violates not only the requirements of rule 26(a)(1)(A)(iii) but also the Court's scheduling orders.

> **B. The Court should sanction GOL under Federal Rule of Civil Procedure 37 because GOL's failure to provide a computation of its damages and to timely provide the documents supporting its damages was prejudicial.**

Rule 37 dictates that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). As discussed above Rule 26(a) requires a party provide a computation of damages and to support the computation with documents. FED. R. CIV. P. 26(a)(1)(A)(iii). Rule 26(e)(1)(A) requires disclosing parties to supplement their prior disclosures "in a timely manner" when the prior response is "incomplete or incorrect." FED. R. CIV. P. 26(e)(1)(A).

"Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Moreover, Rule 37 is clear that a party is not allowed to use undisclosed evidence in a motion or at a hearing. The exclusion of evidence not disclosed is mandatory unless the offering party can prove its failure to disclose was substantially justified or harmless. *Id.*

> **1. GOL's deficient disclosures prejudiced Rhema.**

8

Any efforts by GOL to introduce a calculation of its $6.5 million "cost of Raw Meal" or $3.75 million "refunds to retailers" or any document that may support its damages, other than GOL00000001-GOL00005906, that was not disclosed with its initial disclosures or during fact discovery must be excluded as GOL's failure to produce was not harmless.

Any additional information GOL seeks to offer now causes unfair prejudice to Rhema. GOL has only provided unexplained totals of the claimed cost of Raw Meal and refunds. Rule 1006 of the Federal Rules of Evidence clearly requires the proponent of any summary to make available the documents used in preparation of that summary. Fed. R. Evid. 1006. The Court's Scheduling Order required documents to be produced in electronic format. GOL has not made a computation, summary or electronic documents available. Evidence of cost of Raw Meal product and refunds to retailers for recalled product are essential to proving these damages. The fact discovery deadline has passed. Rhema is left without the opportunity to review the records, depose witness or obtain an expert to review. The prejudice to Rhema of learning the basic computations and information that GOL was Court ordered to provide in May 2017 after the close of fact and affirmative experts would be severe at this point in litigation, particularly where GOL has insisted not only that it has produced everything but also that the pretrial hearing not be stayed.

**2. GOL's withholding is not substantially justified**

Courts in this district have sanctioned parties for refusing to produce a damage disclosure prior to the commencement of expert discovery. *Garth O. Green Enters. v. Harward*, 2018 U.S. Dist. LEXIS 15191, at **10-20. The continued attempt to delay damages discovery until late in

the case runs expressly counter to Rule 1 and Rule 26, and courts in this district will continue to sanction parties who take this position. *Id.*

Documentation to support GOL damages claim was not provided in GOL's May 2017 initial disclosures, or in a supplemental disclosure, or in response to discovery requests. At the close of fact discovery and after affirmative experts have been designated and reports provided, GOL has been given ample time to provide the required disclosure documents. Additionally, as stated above, Rhema and Baobab Foods specifically advised GOL that it had failed to meet its basic disclosure obligations as to its calculation of damages and failure to produce supporting documents on multiple occasions. GOL steadfastly declined to supplement by providing computation or producing any further documentation to support its damages. At this point, it is too late. GOL's refusal to disclose and comply with this Court's Order is not justified.

### III. CONCLUSION

For the foregoing reasons, Rhema requests that the Court sanction GOL by excluding evidence regarding GOL's claim of $6,571,882 for "cost of Raw Meal" and GOL's claim of $3,755,186 for refunds to retailers. Additionally, Rhema requests that the Court preclude GOL from using any document other than GOL00000001-GOL00005906 to prove its damages at trial or on a motion.

DATED: 20 August 2018

                                                  CHRISTENSEN & JENSEN, P.C.

                                                  */s/ Heather L. Thuet*
                                                  Heather L. Thuet
                                                  Bryson R. Brown
                                                  *Attorneys for Defendant and Third-Party Plaintiff Rhema Health Products Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of August, 2018, the foregoing **RHEMA HEALTH PRODUCTS, INC'S MOTION IN LIMINE TO EXCLUDE GARDEN OF LIFE'S COMPUTATION OF DAMAGES AND OTHER DAMAGE EVIDENCE THAT GARDEN OF LIFE FAILED TO DISCLOSE AS REQUIRED BY RULE 26 AND MEMORANDUM IN SUPPORT** was filed electronically utilizing the CM/ECF system which sent notification of such filing to the following:

Alan C. Bradshaw
abradshaw@mc2b.com
Christopher M. Glauser
cglauser@mc2b.com
MANNING CURTIS BRADSHAW & BEDNAR PLLC
136 East South Temple, Suite 1300
Salt Lake City, UT 84111

Jeffrey A. Simes
jsimes@goodwinlaw.com
Joanne M. Gray
jgray@goodwinlaw.com
Michael K. Murray
mmurray@goodwinlaw.com
Jenna C. Newmark
jnewmark@goodwinlaw.com
Amanda H. Russo
arusso@goodwinlaw.com
GOODWIN PROCTER LLP
*Attorneys for Plaintiff Garden of Life, LLC*

Ryan P. Atkinson
ratkinson@strongandhanni.com
STRONG & HANNI, P.C.
*Attorneys for Tri-Iso Tryline, LLC dba Baobab Foods*

                                       */s/ Heather L. Thuet*
                                       **Attorney for Rhema Health Products Inc.**